The opinion of the court was delivered by
Nicholls, O. J.
Plaintiff, in a petition to the District Court for Iberia, alleged himself to be a co-owner in indivisión, of certain movable property described therein, and that his interest arose as a member of the late partnership of Milmo, Stokoe & Co. That the partnership was dissolved and the affairs settled and liquidated, but that all of the described movable, as well as the immovable property, was still in indivisión, and that he had brought suit for the partition of said property belonging to the joint owners, which suit was still pending in the District Court. That he feared and believed that, pending the final decision of said suit, his co-owners might and would make use of their possession as co-owners, to dilapidate and waste said property and the revenue thereof, and w;ould part with, conceal and dispose of said property during the pendency of the above mentioned proceedings. That all of said property was perishable and was fast going to ruin and destruction, and he prayed for a writ of sequestration, which, being granted, the property was taken possession of by the sheriff in execution of the order.
Subsequently to this, plaintiff presented a petition for’ an order for the sale of the property sequestered, upon the ground that it was perishable and fast being lost by natural decay and deterioration. *1288 The application was refused, and from this refusal of the District Judge the present appeal was taken.
Appellant is one of the plaintiffs in the suits of Hewes et al. vs. Baxter, Tutor, et al., ante p. 1281, just decided by us, and the property sought to be sold under this order, was part of the property the sale of which was ordered to be made on the judgments in those cases in order to effect a partition, but which sale was held up at the time of this application by a suspensive appeal taken by the defendants.
The order prayed for was not sought to be obtained contradictorily with the other joint owners, but ex parte from the judge upon affidavits submitted to him. The co-owners, all living in the parish of Iberia, were completely ignored in the matter. The District Judge expressed no opinion and made no ruling upon the merits of the application, but denied it, stating that were he to grant it he would usurp authority belonging exclusively to the appellate court. He said that the court would nullify the suspensive appeal taken from its own decree, which orders the sale of this identical property; that it would ignore the rights of the parties concerned in the ownership of that property, by giving ex parte, and without a hearing an order depriving them of their rights and property.
The order prayed for was interlocutory, and of a character such as fell under the sound judicial discretion of the District Court. That decision this court would not undertake to interfere with, unless under circumstances evidently leading up to irreparable injury. This case presents no feature of that kind. The course pursued, of not acting ex pdrte in the premises, was eminently right and proper, independently of any question as to the effect of the pendency of the suspensive appeal, upon the powers of the District Judge.
The judgment of the District Court in the partition suits having been just affirmed by us, this property can now be sold without delay. The co-owners of the plaintiff, made parties to this proceeding only on appeal, have moved for the dismissal of the appeal. The motion is well founded and the appeal is dismissed at appellant’s costs.
In this case W. C. Perrault, District Judge, was called in.
McEnery, J., absent this term.
Bbeaux, J., recused.